# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3213 | **DATE** | 5/17/2012 |
| **CASE TITLE** | SABR MORTGAGE LOAN 2008-1 REO SUBSIDIARY-1 LLC v. STEVEN SILETS *et al.* | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for summary judgment [45] is granted in part. Plaintiff's request for attorney's fees is denied. By May 25, 2012, SABR shall submit a proposed judgment of foreclosure, including an award of $651,948.07, plus interest of $157.35 per day after August 1, 2011. This order shall be submitted to the court's proposed order inbox, Proposed_Order_Conlon@ ilnd.uscourts.gov, and a courtesy copy is to be delivered to the courtroom deputy. **SEE BELOW FOR DETAILS.**

*/s/ Suzanne B. Conlon*

■ [For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

    Plaintiff SABR Mortgage Loan 2008-1 REO Subsidiary-1 LLC ("SABR") moves for summary judgment, seeking to foreclose on a Northbrook, Illinois home mortgaged by Steven Silets. SABR also seeks a finding that its mortgage is a first lien on the property, superior to that held by Citibank, Federal Savings Bank ("Citibank"). Although SABR served both defendants, only Silets answered the complaint and entered an appearance. Neither defendant responded to the motion for summary judgment. For the reasons stated below, SABR's motion is granted in part.

    Because no defendant responded to SABR's statement of undisputed facts, SABR's facts are deemed admitted. N.D. Ill. L.R. 56.1(b)(3)(c); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). On or about February 22, 2008, Equifirst Corporation ("Equifirst") lent defendant Steven Silets and Elisa B. Silets (deceased) approximately $585,000 subject to a note executed in favor of Equifirst. Pl. Facts ¶¶ 1-2; Pl. Ex. 1, Note. Under the terms of the note, Silets agreed to pay 9.9 percent interest at a yearly rate; to pay taxes, insurance and any other escrow items that might apply; and to make monthly payments on the first day of every month in the amount of $5,090.62. Pl. Facts ¶¶ 3-5. On March 13, 2008, MERS, Inc., acting as nominee for Equifirst, secured its interest in the note by filing the mortgage with the Cook County Recorder. Pl. Facts ¶ 6; Pl. Ex. 2, Mortgage. On or about September 1, 2010, MERS assigned the rights associated with the mortgage and the note to SABR. Pl. Facts ¶¶ 9, 10; Pl. Ex. 3, Assignment of Mortgage. In August 2010, Silets defaulted on his mortgage obligations. Pl. Facts ¶ 11. He has not made any payment since that time. Pl. Facts ¶ 12.

    In moving for summary judgment, SABR seeks (1) a judgment of foreclosure; (2) an award of $651,948.07, plus interest of $157.35 per day after August 1, 2011; (3) attorney's fees and costs in the amount of $2,682.00; and (4) a finding that the mortgage is a first lien on the property, superior to that held by Citibank.

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

## STATEMENT

Summary judgment is appropriate if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Once the moving party shows there is no genuine issue of material fact, the burden shifts to the nonmoving party to designate specific facts showing there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

SABR's uncontested facts and exhibits establish that SABR is entitled to a judgment of foreclosure. Silets does not dispute that his total indebtedness, as of August 1, 2011, is $651,948.07, plus $157.35 in interest per day thereafter. This amount is further supported by an affidavit of debt prepared by the company that services the delinquent mortgage, Ocwen Loan Servicing, LLC. Pl. Ex. 4.

SABR seeks attorney's fees and costs in the amount of $2,682.00. In support, plaintiff's counsel has submitted an affidavit that actually claims $3,942.00 in fees. Dkt. No. 48. This affidavit provides no information as to how either of these two amounts was calculated. *Id.* Because the court is unable to determine if the claimed fees are reasonable in this uncontested case, the request for fees is denied.

Finally, SABR seeks a finding that its mortgage is a first lien on the property, superior to that held by Citibank. Nothing in SABR's statement of undisputed facts supports this conclusion. Accordingly, SABR is not entitled to a finding of first lien as a matter of law.

*Suzanne B. Conlon*